IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PSC Industrial Outsourcing, LP, | ) | Civ. No. 10-00751 ACK-BMK |
| | ) | Civ. No. 11-00014 ACK-BMK |
| Plaintiff, | ) | Civ. No. 11-00073 ACK-BMK |
| | ) | |
| v. | ) | |
| | ) | |
| THE BURLINGTON INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATION THAT
PLAINTIFF'S MOTIONS TO REMAND BE GRANTED**

        Before the Court are objections from Defendant The

Burlington Insurance Company ("Burlington") to the Magistrate

Judge's Findings and Recommendation That Plaintiff's Motions to

Remand Be Granted ("Findings and Recommendation").  The Court

hereby adopts the Findings and Recommendation and remands these

three actions to state court.

**BACKGROUND**[1]

        These three removed declaratory judgment actions stem

from an industrial explosion at a used-oil recycling plant in

_____

        [1] Further background regarding these actions and the
underlying state court actions is provided in this Court's
December 23, 2010, "Order (1) Granting Defendant Rehmer's Stay
Motion (2) Granting Defendant PSC's Stay Motion, and (3) Denying
Defendant Norva's Motion to Dismiss" ("12/23/10 Stay Order").
        The facts as recited in this Order are not to be construed
as findings of fact that the parties may rely on in future
proceedings in this case.

Kapolei, Hawaiʻi, operated by PSC Industrial Outsourcing, L.P. ("PSC").  On May 30, 2008, PSC entered into a contract agreement ("5/30/08 Contract") with a contractor, identified as "Pan Co," to perform work at the plant.  Macario C. Panajon, as President, signed the 5/30/08 Contract on behalf of the contractor.  Under this contract, Pan Co promised that it carried insurance and would include PSC as an additional insured.[2/]  It also agreed to defend, indemnify, and hold harmless PSC and its agents and employees from and against any and all claims and damages arising out of the contract work.

On October 7, 2008, Sean Miguel Norva ("Sean Norva"), an employee of Pan Co or Panacorp, Inc.,[3/] was welding at the Kapolei plant when a nearby oil tank exploded.  Joel Rehmer ("Rehmer"), a PSC operations manager, was also working at the plant that day.  The explosion killed Sean Norva, injured David Kahookele, and caused damage to the plant and to Bomat, Ltd., d.b.a. Bonded Materials Company ("Bomat"), a concrete production facility nearby.  On October 31, 2008, PSC notified "PanCo," attention "Mr. Mario Panajon," of claims arising from the explosion, asked for indemnification, and requested that

_____

[2/] The parties dispute whether PSC was added as an additional insured as promised.

[3/] PSC contends that Sean Norva was employed by Panajon or one or more of Panajon's companies, not necessarily Pan Co or Panacorp.  Panajon incorporated Panacorp about two weeks before he entered into the 5/30/08 Contract.

appropriate insurers be notified.  At the time of the explosion,
"Macario C. Panajon dba: Panco" was listed as a Named Insured
under a commercial general liability policy ("Policy") issued by
Burlington.

On December 10, 2009, Burlington informed PSC that it
had no duty to defend or indemnify PSC under the Policy because
the 5/30/08 Contract "is between PSC and Panacorp, Inc., while
the Named Insured on the policy is Macario C. Panajon d/b/ Panco,
designated an individual on the Declarations Page. . . . As
Panacorp, Inc. is not a Named Insured, PSC's contract with
Panacorp, Inc., does not make PSC an additional insured under the
[Burlington] policy issued to Mr. Panajon."  As described below,
PSC has been sued in three separate state court actions.[4]

## I.    **Kahookele** and **PSC I**

On November 9, 2009, Kahookele filed a personal injury
action in the Circuit Court of the First Circuit, State of
Hawai'i, against PSC and Panacorp, asserting claims of negligence
and strict liability.  Kahookele v. Panacorp, Inc., et al., Civ.
No. 09-1-2616-11 RAN ("Kahookele").  PSC then asserted cross-
claims against Panacorp and third-party claims against Panajon

---

[4] In turn, Burlington has filed two declaratory judgment
actions in this Court.  The Burlington Insurance Company v.
PanaCorp, Inc., et al., Civ Nos. 09-00587 ACK-BMK, 10-00382 ACK-
BMK.  These actions have been consolidated and stayed under the
Younger abstention doctrine and the Declaratory Judgment Act.
See 12/23/10 Stay Order.

for negligence, breach of contract, misrepresentation, indemnity, and contribution and equitable subrogation. In response, Panacorp cross-claimed and Panajon counterclaimed against PSC for negligence and indemnification.

On April 1, 2010, PSC filed third-party claims against Kimberly Anne Norva, Personal Representative of the Estate of Sean Miguel Norva (deceased) ("Norva's Estate") for negligence, implied indemnity, contribution, and equitable subrogation. PSC also asserted a third-party claim against Burlington, which sought a declaration that PSC is covered under the Policy.[5/] Burlington subsequently moved to sever PSC's third-party claim against Burlington, and the Kahookele court orally granted this motion at a November 10, 2010 hearing. The court entered a written order granting Burlington's motion to sever on December 8, 2010.

---

[5/] A number of other claims were filed in Kahookele. In particular, Norva's Estate filed fourth-party claims against Panajon's insurance agents, Finance Insurance, Ltd., and Hawaii Insurance Consultants, Ltd., asserting claims of negligence and breach of duty to change the named insured to, or secure coverage for, Panacorp under the Policy. Finance Insurance cross-claimed against Hawaii Insurance Consultants for tortious and negligent conduct and contribution and indemnification. Hawaii Insurance Consultants cross-claimed against Finance Insurance for indemnity and contribution. And PSC cross-claimed against Finance Insurance and Hawaii Insurance Consultants for failing to obtain coverage required or appropriate under the 5/30/08 Contract and for failing to change the name of the named insured under the Policy to Panacorp and the status of the named insured to a corporation.

On December 16, 2010, Burlington filed a Notice of Removal in this Court, removing PSC's severed declaratory claim. PSC Industrial Outsourcing, LP v. The Burlington Insurance Company, Civ. No. 10-00751 ACK-BMK ("PSC I"). On January 14, 2011, PSC filed a Motion to Remand. Burlington filed a memorandum in opposition on February 3, 2011, and PSC filed a reply on February 10, 2011.

## II. **Norva** and **PSC II**

On September 24, 2009, Norva's Estate and survivors filed a personal injury action in the Circuit Court of the First Circuit, State of Hawai'i, against PSC and Rehmer. Norva, et al. v. PSC Industrial Outsourcing, LP, et al., Civ. No. 09-1-2157-09 PWB ("Norva"). PSC and Rehmer counterclaimed against Norva's Estate for negligence, indemnity, contribution, and reimbursement, and also asserted third-party claims against Panajon and Panacorp for negligence, breach of contract, misrepresentation, indemnity, contribution, and reimbursement. PSC also asserted third-party claims against Burlington, which sought, inter alia, a declaration that PSC is covered under the Policy.[6]

---

[6] Several other claims have been filed in Norva. Like in Kahookele, Norva's Estate filed fourth-party claims against Finance Insurance and Hawaii Insurance Consultants, Ltd., and PSC cross-claimed against Finance Insurance and Hawaii Insurance Consultants.

On November 29, 2010, the <u>Norva</u> court dismissed PSC's third-party complaint against Burlington without prejudice to PSC's asserting such claims against Burlington in a separate lawsuit. Consequently, on December 21, 2010, PSC filed a complaint against Burlington in the Circuit Court of the First Circuit, State of Hawai'i, for a declaration that PSC is covered under the Policy. <u>PSC Industrial Outsourcing, LP v. Burlington Insurance Co.</u>, Civ. No. 10-1-2712-12 VLC.

On January 6, 2011, Burlington filed a Notice of Removal in this Court, removing PSC's re-filed declaratory claim against Burlington. <u>PSC Industrial Outsourcing, LP v. The Burlington Insurance Company</u>, Civ. No. 11-00014 ACK-BMK ("<u>PSC II</u>"). On February 3, 2011, PSC filed a Motion to Remand. Burlington filed a memorandum in opposition on February 14, 2011, and PSC filed a reply on February 18, 2011.

## III. <u>Bomat</u> and <u>PSC III</u>

On September 30, 2010, Bomat and Great American Insurance Company filed a negligence, strict liability, and nuisance action in the Circuit Court of the First Circuit, State of Hawai'i, against PSC d.b.a Phillips Services Hawaii, PSC Industrial Services, and Panacorp. <u>Bomat, Ltd. v. PSC Industrial Outsourcing, LP, et al.</u>, Civ. No. 10-1-2090-09 RAT ("<u>Bomat</u>"). PSC asserted cross-claims against Panacorp and third-party claims against Panajon for negligence, breach of contract,

6

misrepresentation, implied indemnity, and contribution and equitable subrogation. In response, Panacorp cross-claimed and Panajon counterclaimed against PSC for negligence and indemnification. PSC also filed third-party claims against Norva's Estate for negligence, indemnity, contribution, and equitable subrogation. Lastly, PSC filed a third-party claim against Burlington, which sought a declaration that PSC is covered under the Policy.[7/]

Burlington subsequently moved to sever PSC's third-party claim against Burlington, and the <u>Bomat</u> court orally granted this motion at a January 18, 2011 hearing. It appears that the court has yet to enter a written order granting Burlington's motion to sever.

On January 31, 2011, Burlington filed a Notice of Removal in this Court, removing PSC's severed declaratory claim. <u>PSC Industrial Outsourcing, LP v. The Burlington Insurance Company, et al.</u>, Civ. No. 11-00073 ACK-BMK ("<u>PSC III</u>"). On February 7, 201 1, PSC filed a Motion to Remand. Burlington filed a memorandum in opposition on February 14, 2011, and PSC filed a reply on February 18, 2011.

---

[7/] Several other claims have been filed in <u>Bomat</u>. Like in <u>Kahookele</u>, Norva's Estate filed fourth-party claims against Finance Insurance and Hawaii Insurance Consultants; Finance Insurance and Hawaii Insurance Consultants each filed cross-claims against the other; and PSC filed cross-claims against Finance Insurance and Hawaii Insurance Consultants.

## IV. Magistrate Judge Kurren's Findings and Recommendation

Magistrate Judge Kurren held a hearing on PSC's motions to remand on February 24, 2011, and issued a Findings and Recommendation to grant these motions on March 18, 2011. The Findings and Recommendation found that Burlington's Notice of Removal in PSC I was "untimely under 28 U.S.C. § 1446(b), which requires a notice of removal [to] be filed within thirty days from when it can first be ascertained that a case is removable." Findings and Recommendation at 3. It then found, "[i]n addition and subsequent to the timeliness issue addressed [with respect to PSC I], that the factors under the Declaratory Judgment Act weigh in favor of remanding all three actions [i.e., PSC I, PSC II and PSC III] to state court." Id. Burlington filed objections to the Findings and Recommendation on April 1, 2011 ("Objection"), and PSC filed responses to Burlington's objections on April 15, 2011.[8]

### STANDARD OF REVIEW

This Court treats a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendation by the magistrate judge. See Keown v. Tudor Ins. Co., 621 F.

---

[8] Burlington filed identical objections to the Findings and Recommendation in each of the three actions. PSC filed three responses to Burlington's objections: a response regarding PSC I ("PSC I Response"); a response regarding PSC II ("PSC II Response"); and a response regarding PSC III, which incorporates the PSC II Response.

Supp. 2d 1025, 1029 (D. Haw. 2008); <u>Sylvester v. Menu Foods,</u>

<u>Inc.</u>, Civ. No. 07-00409 ACK-KSC, 2007 WL 4291024, at *2 (D. Haw.

Dec. 5, 2007).  A district court reviews de novo those portions

of a magistrate judge's findings and recommendation to which an

objection is made and may accept, reject, or modify, in whole or

in part, the findings and recommendation made by the magistrate

judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw.

Local Rule 74.2.  The district court may accept those portions of

the findings and recommendation that are not objected to if it is

satisfied that there is no clear error on the face of the record.

<u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

The district court may receive further evidence or recommit the

matter to the magistrate judge with instructions.  28 U.S.C.

§ 636(b)(1).  It may also consider the record developed before

the magistrate judge.  D. Haw. Local Rule 74.2.  The district

court must arrive at its own independent conclusions about those

portions of the magistrate judge's report to which objections are

made, but a de novo hearing is not required.  <u>United States v.</u>

<u>Remsing</u>, 874 F.2d 614, 618 (9th Cir. 1989).

        The Court finds that a hearing in this matter is

neither necessary nor appropriate.  <u>See</u> D. Haw. Local

Rule 7.2(d).

**DISCUSSION**

**I.    Motion to Remand <u>PSC I</u>**

        The Court agrees with the Findings and Recommendation's

conclusion that Burlington's Notice of Removal in <u>PSC I</u> was

untimely under 28 U.S.C. § 1446(b).  Section 1446, which governs

the procedure for removal, provides that where a case is not

initially removable:

> a notice of removal may be filed <u>within thirty days</u>
> <u>after receipt by the defendant, through service or</u>
> <u>otherwise, of a copy of an amended pleading, motion,</u>
> <u>order or other paper from which it may first be</u>
> <u>ascertained that the case is one which is or has become</u>
> <u>removable</u>, except that a case may not be removed on the
> basis of jurisdiction conferred by section 1332 of this
> title more than 1 year after commencement of the
> action.

28 U.S.C. § 1446(b) (emphasis added).[9/]  As PSC argues,

§ 1446(b)'s thirty-day removal period was triggered on November

10, 2010, when the <u>Kahookele</u> court orally granted Burlington's

motion to sever.  <u>PSC I</u> Response at 2-9.  From this oral ruling,

Burlington "could reasonably determine for the first time that

[the action against it was removable]."  <u>Carvalho v. Equifax</u>

<u>Info. Servs., LLC</u>, 629 F.3d 876, 887 (9th Cir. 2010).  Because

_____

        [9/] Until PSC's declaratory claim against Burlington was
severed, Burlington could not remove that claim because there was
no diversity of citizenship: Plaintiff Kahookele and Defendant
Panacorp are both citizens of Hawai'i.  Also, third-party
defendants, like Burlington, are generally not permitted to
remove under 28 U.S.C. § 1441.  <u>See</u> <u>generally</u> <u>Schmidt v. Ass'n of</u>
<u>Apartment Owners of Marco Polo Condominium</u>, 780 F. Supp. 699 (D.
Haw. 1991).

this removal period ran until December 10, 2010, Burlington's
December 16, 2010, Notice of Removal was untimely.

Burlington argues that the removal period was not
triggered until December 8, 2010, when the Kahookele court
entered a written order granting Burlington's motion to sever.
Objection at 1-2.  Burlington contends that (1) the November 10
oral ruling did not constitute the "receipt" of a "copy" of a
"paper" of any kind, and (2) the December 8 written order was
necessary to accomplish the severance, as evidenced by the
Kahookele court's directing Burlington on November 10 to prepare
such a written order.  Id. at 10-17.  Neither argument is
persuasive.

Burlington's first argument is foreclosed by the recent
Carvalho decision, in which the Ninth Circuit followed the Sixth
Circuit in holding that deposition testimony may trigger
§ 1446(b)'s thirty-day removal period.  See 629 F.3d at 887
(citing Peters v. Lincoln Elec. Co., 285 F.3d 456, 466 (6th Cir.
2002)).  In Carvalho, removal was found to be timely "[b]ecause
the notice of removal was filed within thirty days of Carvalho's
deposition testimony, which was 'other paper from which it may
first be ascertained that the case is . . . removable' [under 28
U.S.C. § 1446(b)]."  Id.  Carvalho's holding that testimony may
constitute "other paper," and thus trigger § 1446, shows that a
court's oral ruling may also trigger § 1446.  See also Huffman v.

11

Saul Holdings Limited P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999) ("A majority of the federal district courts have not required receipt of an actual written document [under § 1446(b)]. Instead, they have held that a discovery deposition does satisfy the requirement." (citations omitted)); Estate of Combas Martinez v. Barros & Carrion, Inc., 668 F. Supp. 2d 334, 343 (D.P.R. 2009) ("Federal district courts have ruled that a state court judge's pronouncement from the bench that a non-diverse defendant was no longer party to the action is sufficient notice of [the] action's removability." (citations omitted)).

According to Burlington, Carvalho did not "consider whether oral testimony would constitute a 'paper.'" Objection at 15-16. Burlington suggests that oral testimony "apparently" was not an issue in Carvalho, "as a transcript of the deposition testimony most likely was provided to the parties at or near the time of the deposition." Objection at 15-16. But there are no facts in Carvalho to support that claim, and the Court is unpersuaded by Burlington's speculation.

Carvalho held that "a plaintiff's response to deposition questions can constitute 'other paper' within the meaning of section 1446(b)." 629 F.3d at 887; see also Peters, 285 F.3d at 465-66 ("[A] plaintiff's answers to deposition questions can constitute an 'other paper' for purposes of the removal statute."). It also held that § 1446(b)'s thirty-day

12

removal period began on the day of the deposition in question. _Carvalho_, 629 F.3d at 887. _Carvalho_ did not hold that a _transcript_ of Carvalho's deposition responses satisfied the "other paper" requirement, or that the removal period began on the day that a deposition _transcript_ was received by the defendant. Neither _Carvalho_ nor _Peters_, on which _Carvalho_ relied, require that a defendant receive a copy of the deposition transcript at issue in order for the removal period to begin.[10/]

Notably, the Tenth Circuit has explicitly rejected Burlington's speculative theory that deposition testimony only triggers § 1446(b)'s removal period once a defendant receives a written transcript of the testimony. In _Huffman_, on which _Peters_ relied, the Tenth Circuit discussed how "[a] majority of the federal district courts have not required receipt of an actual written document [under § 1446(b)]. Instead, they have held that a discovery deposition does satisfy the requirement." 194 F.3d at 1078 (collecting cases). _Huffman_ then adopted "the majority rule" that a discovery deposition constitutes "other paper" for purposes of § 1446(b). _Id._ Further, the court held that

---

[10/] _Carvalho_ found that § 1446(b)'s removal period was triggered by deposition testimony from which the defendant "could reasonably determine for the first time that" the case was removable. 629 F.3d at 887. As _Peters_ noted, "'[h]olding that a plaintiff's deposition testimony may be an 'other paper' under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant _first_ learns that the plaintiff is alleging a federal claim.'" 285 F.3d at 465-66 (citation omitted, emphasis added).

"[b]ecause the applicable rule of civil procedure does not provide a deadline for obtaining a transcript of a deposition, see Fed. R. Civ. P. 30(b)(2), (f)(2), the date of receipt of a transcript may also be subject to manipulation. Accordingly, the removal period commences with the giving of the testimony, not the receipt of the transcript." Id.

Burlington's reliance on cases discussing the general rule that § 1446(b) requires physical pleadings or papers is misplaced. See Objection at 11-16. As PSC argues, none of these cases addressed "whether statements made in official and recorded court proceedings, such as testimony and verbal orders, constitute an 'order or other paper' under Section 1446(b)." PSC I Response at 5.

Three of Burlington's cases considered whether complaints or other written pleadings provided sufficient notice of removability to trigger § 1446(b). See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1223-24 (9th Cir. 2009); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694-98 (9th Cir. 2005); Rossetto v. Oaktree Capital Mgmt., LLC, 664 F. Supp. 2d 1122, 1127-30 (D. Haw. 2009). The only one of Burlington's cases that addressed oral communications held that out-of-court oral settlement demands did not trigger § 1446(b)'s removal period. See Mendoza v. OM Fin. Life Ins. Co., No. C 09-01211 JW, 2009 WL

1813964, at *5 (N.D. Cal. June 25, 2009).  Mendoza does not help Burlington.

In Thomas v. Ritter, No. 3:98CV530-H, 1999 WL 1940047, at *1 (W.D.N.C. Feb. 11, 1999), on which Mendoza relied, the court found that a settlement demand conveyed by telephone did not trigger § 1446(b)'s removal period, reasoning that "[a]llowing oral communications of settlement offers to establish the amount in controversy would present enormous proof problems, and potentially require an evidentiary hearing on every notice of removal and motion for remand."  Id. at *1-2.  Ritter recognized, however, that oral notice of removability has been permitted to trigger § 1446(b) where "the oral notice[] [is] given in court proceedings and/or in the presence of the presiding judge, thereby removing any proof problems regarding who said what at what time."  Id. at *2. n.2 (collecting cases).  Similarly, although Mendoza observed that oral communications "are generally insufficient to constitute 'other papers,'" it further recognized that "exclusion of oral communications under § 1446(b) is not absolute, as some courts have allowed testimony under oath to satisfy the 'other paper' requirement of § 1446(b)."  Id. at *5 & n.4 (citing Riggs v. Cont'l Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988) (holding that a deposition constituted "other paper" under § 1446(b))).

Unlike out-of-court oral settlement offers, oral testimony under oath and oral statements made during court proceedings are inherently trustworthy and easily verifiable. This is all the more true of a court's oral ruling, which of course is at issue here. Indeed, contrary to Burlington's suggestion, numerous district courts have held that a court's oral ruling may trigger § 1446(b)'s thirty-day removal period. As the court explained in <u>Estate of Combas Martinez</u>:

> Courts have usually held that oral statements do not qualify as "other paper" for purposes of triggering removability under the second paragraph of Section 1446(b). However, they have made exceptions when it comes to oral statements made in the courtroom during the course of litigation. <u>See</u> Wright, Miller, Cooper & Steinman, Federal Practice and Procedure: Jurisdiction, 14C § 3731 (2009). Federal district courts have ruled that a state court judge's pronouncement from the bench that a non-diverse defendant was no longer party to the action is sufficient notice of [the] action's removability.

668 F. Supp. 2d at 343 (discussing <u>King v. Kayak Mfg. Corp.</u>, 688 F. Supp. 227, 229-230 (N.D. W. Va. 1988), and also citing <u>Heniford v. Am. Motors Sales Corp.</u>, 471 F. Supp. 328 (D.S.C. 1979), and <u>First Nat'l Bank in Little Rock v. Johnson & Johnson</u>, 455 F. Supp. 361 (E.D. Ark. 1978)); <u>see also</u> <u>Kohl's Dep't Stores, Inc. v. Perkowitz & Ruth Architects</u>, No. 10-CV-378, 2010 WL 4386677, at *5 (E.D. Wis. Oct. 28, 2010) ("The court agrees with plaintiff that § 1446(b)'s thirty-day limitations period commenced on March 4, 2010, when the state court made an oral ruling denying the defendants' motion to dismiss."). Likewise,

in <u>Ford v. Healthport Technologies, LLC</u>, No. 3:08-CV-208, 2008 WL 3927146, at *1 (E.D. Tenn. Aug. 21, 2008), the court held that:

> the time for removal under § 1446(b) commenced when the Chancellor orally granted plaintiffs' motion to amend the complaint, not when the order memorializing the oral ruling was entered by the court.  To hold otherwise, would be to exalt form over substance.  As the Sixth Circuit has opined, the time for removal under § 1446(b) commences "from the date that a defendant has solid and unambiguous information that the case is removable."  <u>Holston v. Carolina Freight Carriers Corp.</u>, 1991 WL 112809 (6th Cir. June 26, 1991).

<u>Id.</u> at *3; <u>see also</u> <u>May v. J.D. Candler Roofing Co.</u>, No. 04-CV-74690, 2005 WL 1349110, at *5 (E.D. Mich. May 12, 2005) (reaching the same conclusion, for similar reasons).

In short, the Court finds, in light of <u>Carvhalo</u>, that the Ninth Circuit would conclude that a court's oral ruling triggers § 1446(b)'s removal period where it allows a defendant to "reasonably determine for the first time that" the case is removable.  <u>See</u> <u>Carvhalo</u>, 629 F.3d at 887.

Burlington's second argument, that <u>PSC I</u> was not removable until entry of the December 8 written order, when the severance was actually accomplished, is more easily disposed of.  Objection at 16-17.  The official minutes for <u>Kahookele</u> demonstrate that Burlington's motion to sever was in fact granted at the November 10 hearing.  <u>See</u> Motion to Remand <u>PSC I</u> Ex. 51.  Likewise, Burlington's counsel's sworn declaration states that at the November 10 hearing, the judge "ordered PSC's third-party

complaint against Burlington severed from the remaining claims in that action." Id. Ex. 41 at 3. Moreover, Burlington's argument is undermined by its having removed the severed declaratory claim in Bomat on January 31, 2011, even though the Bomat court had not yet entered its written order severing the claim – an order, like the severance order in Kahookele, that Burlington's counsel was instructed to prepare. Burlington evidently believed that the severance in Bomat was accomplished as of the January 18 oral severance, or shortly thereafter. Otherwise, Burlington's Notice of Removal in PSC III would have seemed premature.

In sum, the Court finds that Burlington's Notice of Removal in PSC I was untimely under 28 U.S.C. § 1446(b). Burlington filed this notice more than 30 days after the Kahookele court orally granted Burlington's motion to sever, which was when Burlington "could reasonably determine for the first time" that the severed claim was removable. See Carvalho, 629 F.3d 876 at 887. Accordingly, the Court adopts the Findings and Recommendation that PSC's Motion to Remand PSC I be granted.[11/]

_____

[11/] In light of the Court's holding, the Court need not address PSC's alternative argument that Burlington's Notice of Removal in PSC I was also untimely under § 1446(b) because it was filed more than one year after Kahookele commenced. See PSC I Response at 11-14. The Findings and Recommendation did not reach this issue. Likewise, the Court need not address PSC's alternative arguments that PSC I should be remanded under the Declaratory Judgment Act and/or the Younger abstention doctrine.
(continued...)

**II. Motions to Remand <u>PSC II</u> and <u>PSC III</u>**

The Court also agrees with the Findings and Recommendation's conclusion that because Burlington failed to timely remove <u>PSC I</u>, <u>PSC II</u> and <u>PSC III</u> should be remanded under the Declaratory Judgment Act. Most importantly, the remanded <u>PSC I</u> action will be addressing nearly identical claims in state court as those raised in <u>PSC II</u> and <u>PSC III</u>.

Burlington attempts to avoid remand by arguing that (1) the Court lacks discretion to remand <u>PSC II</u> and/or <u>PSC III</u> under the Declaratory Judgment Act because these actions contain implicit claims for breach of contract and bad faith, and (2) remand is unwarranted even under the Declaratory Judgment Act's abstention analysis. <u>See</u> Objection at 17-33. Neither argument is persuasive.

---

[11]/(...continued)
<u>See</u> <u>id.</u> at 15-38.

Finally, the Court need not decide whether the Findings and Recommendation correctly concluded that the official minutes for <u>Kahookele</u>, which indicated that Burlington's motion to sever was granted, constituted an "order or other paper" that triggered § 1446(b). <u>See</u> Findings and Recommendation at 5-6 & n.4. Although the Findings and Recommendation's conclusion seems correct, Burlington's argument to the contrary has some traction. Even though Burlington had notice of the contents of the minutes in <u>Kahookele</u>, these minutes arguably could not trigger § 1446(b)'s removal period because Burlington did not receive or view them. <u>See</u> Objection at 12-13; Opp'n to Motion to Remand <u>PSC I</u> Attach. 1 at 2 (stating, in an undisputed declaration, that Burlington did not receive or review the official minutes for <u>Kahookele</u> prior to January 14, 2011, and was not even aware of the minutes until then).

The Supreme Court has cautioned district courts
determining whether to exercise their discretion to issue
declaratory judgments to (1) avoid needless determination of
state law issues; (2) discourage litigants from filing
declaratory actions in an attempt to forum shop; and (3) avoid
duplicative litigation. Gov's Employees Ins. Co. v. Dizol, 133
F.3d 1220, 1225 (9th Cir. 1998) (en banc) (citing Brillhart v.
Excess Ins. Co. of America, 316 U.S. 491, 494 (1942)). However,
"when other claims are joined with an action for declaratory
relief (e.g., bad faith, breach of contract, breach of fiduciary
duty, rescission, or claims for other monetary relief), the
district court should not, as a general rule, remand or decline
to entertain the claim for declaratory relief." Id.

"Because claims of bad faith, breach of contract,
breach of fiduciary duty and rescission provide an independent
basis for federal diversity jurisdiction, the district court is
without discretion to remand or decline to entertain these causes
of action. Indeed, the district court has a 'virtually
unflagging' obligation to exercise jurisdiction over these
claims." Id. at 1226 n.6 (quoting First Ins. Co. v. Callan
Assocs., Inc., 113 F.3d 161 (9th Cir. 1997)). "The appropriate
inquiry for a district court in a Declaratory Judgment Act case
is to determine whether there are claims in the case that exist
independent of any request for purely declaratory relief, that

is, claims that would continue to exist if the request for a declaration simply dropped from the case." <u>Snodgrass v. Provident Life & Acc. Ins. Co.</u>, 147 F.3d 1163, 1167-68 (9th Cir.1998) (per curiam) (citations omitted).

Burlington's first argument relies on <u>Callan</u> for the proposition that where claims providing an independent basis for federal diversity jurisdiction are "implicit" in a complaint, remand is improper. Objection at 18-19. Burlington's reliance on <u>Callan</u> is misplaced. In <u>Callan</u>,

> the plaintiff sought a declaration that it was not required to provide coverage to the defendant who was being sued in another action because the defendant allegedly did not disclose pertinent information to the plaintiff. [<u>Callan</u>, 113 F.3d] at 162. The plaintiff in that action stated in its Case Management Conference Statement that it sought rescission of its contract with the defendant. <u>Id.</u> The court concluded, "The action, as it developed, was an action for rescission rather than merely for declaratory judgment. . . . We go beyond the pleadings and look at the case as it was presented to the magistrate judge."[12/] <u>Id.</u> at 163. The court further noted that the plaintiff alleged a basis for rescission. <u>Id.</u>

<u>Maui Land & Pineapple Co. v. Occidental Chem. Corp.</u>, 24 F. Supp. 2d 1079, 1081 (D. Haw. 1998) (footnote added). Here, by contrast, PSC has neither <u>explicitly</u> nor <u>implicitly</u> sought relief for breach of contract and/or bad faith. <u>Cf. Callan</u>, 113 F.3d at 163 (holding that "rescission was implicit as a remedy in the

---

[12/] The parties in <u>Callan</u> stipulated that a magistrate judge would conduct proceedings in the case. <u>Callan</u>, 113 F.3d at 162.

complaint" and that it "became explicit as [the plaintiff's] objective in the Joint Case Management Conference Statement").

The Court is unpersuaded by Burlington's speculative argument that PSC drafted its complaints and proposed discovery in PSC II and PSC III with an eye toward establishing claims for breach of contract and bad faith. See Objection at 19-23. As PSC argues, "Burlington's attempt to conjure up claims that are not present is unavailing because the plain language of [the complaints in PSC II and PSC III] contradicts Burlington's imaginative reading." PSC II Response at 22. Unlike PSC's initial third-party complaint in Norva, which sought a declaration that Burlington "ha[d] breached obligations owed to PSC," and had rejected PSC's tender "in bad faith"; the removed complaints seek a declaration only "that there is coverage for PSC under the Policy . . . and that Burlington has wrongfully rejected PSC's request for coverage and indemnity." Compare Motion to Remand PSC II Ex. 37 ¶¶ 67-68; with id. Ex. 56 ¶ 81, and PSC III Notice of Removal Ex. A ¶ 86.[13/] Although Burlington

---

[13/] PSC filed its initial third-party complaint in Norva, which included an explicit claim for bad faith, before Burlington explained to PSC its rationale for denying coverage. See PSC I Response at 18. Although the removed complaints seek a declaration that Burlington "wrongfully rejected PSC's request for coverage," this does not amount to a claim for breach of contract or bad faith. See id. at 17 n.4 (discussing how PSC's requested declaration is based on its theory that Burlington should be estopped from denying coverage (citing Mount Vernon Fire Ins. Co. v. J.J.C. Stucco & Carpentry Corp., No. 95-CV-5202, (continued...)

contends that PSC is "clearly" pursuing breach of contract and
bad faith claims, the instant actions bear no resemblance to
Callan, where the plaintiff explicitly argued to the court that
rescission was appropriate.  Cf. Callan, 113 F.3d at 162;
Powelson v. St. Paul Fire & Marine Ins. Co., No. CV-04-665-ST,
2004 WL 1792465, at *3 (D. Or. Aug. 11, 2004) (finding that a
declaratory judgment claim alleging that the defendant "'breached
its promise' causing past and continuing damages" contained an
independent breach of contract claim).  The Court finds that
PSC's assertions in the removed complaints were necessarily made
in support of its declaratory claim for insurance coverage.

    Notably, Burlington does not cite a single case that
has relied on Callan to find mandatory jurisdiction based on
"implicit" claims within a declaratory judgment action.  Instead,
Burlington attempts to distinguish United National Insurance Co.
v. R & D Latex Corp., 242 F.3d 1102 (9th Cir. 2001), which
rejected an argument that a plaintiff's declaratory claim was
"merely a breach of contract claim in very thin disguise."  Id.
at 1114-15.  The Ninth Circuit held that unlike in Callan, the
declaratory claim contained "no implicit claim for money damages
. . . . Rather, [the plaintiff] has opted to forego at present
any right it may hold to a monetary remedy, though we may assume

<hr />

    [13]/(...continued)
1997 WL 177864, at *5 (E.D.N.Y. Apr. 3, 1997))).

that it will seek to enforce that right in the future, as California law permits." Id. at 1114 n.13. PSC has similarly "opted to forgo at present any right it may hold to a monetary remedy" due to any breach of contract and/or bad faith on Burlington's part. Id. Burlington also attempts to distinguish Maui Land & Pineapple, which found Callan unavailing because the plaintiff "ha[d] not stated that it s[ought] rescission of a contract, and, in fact, it d[id] not." 24 F. Supp. 2d at 1081. Again, the Court finds Callan unavailing to Burlington for the same reason. Like in Maui Land & Pineapple, PSC's removed claims in PSC II and PSC III are "essentially one[s] for declaratory judgment regarding contract rights." Id.

In short, there is no independent basis for federal jurisdiction over the removed claims, and the Court has the "unique and substantial discretion" to decide whether to exercise its jurisdiction under the Declaratory Judgment Act. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

Burlington's second (and alternative) argument, that PSC II and PSC III should not be remanded even under the Declaratory Judgment Act's abstention analysis, is predicated on Burlington's argument that PSC I was timely removed. See Objection at 26-33. Because the Court has rejected that argument, and found that PSC I should be remanded as untimely removed, Burlington's Declaratory Judgment Act analysis is

rendered impotent.  Indeed, Burlington does not contest that if

PSC I is remanded, and Callan is unavailing, PSC II and PSC III

should be remanded as well.[14/]  The Court will nevertheless

briefly address why it exercises its "unique and substantial

discretion" to decline jurisdiction under the Declaratory

Judgment Act.  Wilton, 515 U.S. at 286.

　　　As PSC argues, two of the three Brillhart factors favor

remand.[15/]  The first Brillhart factor favors remand because

allowing PSC II and/or PSC III to proceed would result in

needless determinations of state law issues.  A court needlessly

determines state law issues where "the precise" issues "are the

subject of a parallel proceeding in state court."  Continental

Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991),

overruled in part on other grounds by Dizol, 133 F.3d at 1227.

_____

　　　[14/] Likewise, at the February 24, 2011 hearing before
Magistrate Judge Kurren, Burlington conceded that if PSC I were
remanded, and Callan were unavailing, there would be little
reason for the federal court to exercise jurisdiction over PSC II
and/or PSC III.

　　　[15/] The second Brillhart factor, which considers potential
forum shopping, is neutral.  This Court has already rejected
Burlington's argument that "PSC's filing of third-party
complaints against it in the three state actions evidences a
'forum-shopping scheme.'"  12/23/10 Stay Order at 48; see
Objection at 31-32.  And as PSC concedes, Burlington's removal of
PSC II and PSC III also did not constitute forum-shopping.  PSC
II Response at 32 (citing Keown v. Tudor Ins. Co., 621 F. Supp.
2d 1025, 1038 (D. Haw. 2008)).  Indeed, PSC "merely preferred
state resolution while [Burlington] preferred federal
resolution."  Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d
800, 804 (9th Cir. 2002); see also Callan, 113 F.3d at 162.

25

The remanded declaratory claim in <u>PSC I</u> constitutes a pending "parallel proceeding[] in state court" that will address the precise state law issues as those raised in <u>PSC II</u> and <u>PSC III</u>. <u>Id.</u> at 1374. "Courts should generally decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court." <u>Id</u>.

The first <u>Brillhart</u> factor also weighs in favor of remand because <u>PSC II</u> and <u>PSC III</u> "involve[] insurance law, an area that Congress has expressly left to the states," and raise no compelling federal interest. <u>Robsac</u>, 947 F.2d at 1371. Further, these actions involve two unsettled issues of state law: (1) whether the policy at issue affords coverage to a corporation that is solely owned by an individual named insured who conducts a business through the corporation and (2) whether the policy would provide coverage to a solely owned corporation that is the mere alter-ego of the individual named insured. <u>See</u> 12/23/10 Stay Order at 23-27, 44-45; <u>Keown v. Tudor Ins. Co.</u>, 621 F. Supp. 2d 1025, 1032 (D. Haw. 2008) (declining jurisdiction over a declaratory judgment claim relating to a liability insurance exclusion "to avoid needlessly determining a state law issue that the Hawaii courts have yet to address").

The third <u>Brillhart</u> factor favors remand because exercising jurisdiction over the instant actions would result in

duplicative litigation. "[W]hen a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court." Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495. If the Court were to allow PSC II and/or PSC III to proceed, it would be "indulging in '[g]ratuitous interference'" with the state court because the remanded declaratory claim in PSC I "involv[es] the same parties and present[s] [an] opportunity for ventilation of the same state law issues." Wilton, 515 U.S. at 283 (quoting Brillhart, 316 U.S. at 495).[16/]

_____

[16/] PSC II and PSC III raise other issues that are now pending before the state courts, even apart from the declaratory claims duplicated in PSC I. See 12/23/10 Stay Order at 50-51 (discussing PSC's third-party claims against Panacorp and/or Panajon for breach of contract, misrepresentation, and implied indemnity, which involve factual questions regarding the contractor's identity).

Moreover, as PSC points out, Norva, Kahookele, and Bomat now involve additional claims, filed after the Court's 12/23/10 Stay Order, which potentially raise coverage issues that overlap with issues arising in PSC II and PSC III. PSC II Response at 25-27. For example, Norva's Estate has filed fourth-party claims against Panajon's insurance agents, Finance Insurance and Hawaii Insurance Consultants; Finance Insurance and Hawaii Insurance Consultants have filed cross-claims against each other; and PSC has filed cross-claims against Finance Insurance and Hawaii Insurance Consultants. Each of these claims alleges that the fourth-party defendant failed to procure the requested insurance.

27

Finally, in addition to the Brillhart factors, the Ninth Circuit has suggested that district courts should consider the following additional factors:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n.5 (citation omitted). Consideration of the relevant Dizol factors also weighs in favor of remand. First, remand is preferable because resolution of PSC II and/or PSC III would result in undue entanglement between this Court and the state courts. As this Court has previously held, "several of the issues here are related or identical to issues that will be faced in the state court actions." 12/23/10 Stay Order at 52; see Stewart Title Co. v. Investors Funding Corp., Civ. No. 09-00455 SOM/KSC, 2010 WL 1904981, at *7 (D. Haw. May 11, 2010). Second, remand is preferable for the sake of convenience. This Court's resolution of PSC I and/or PSC II would force PSC and Burlington to litigate in both state and federal court. Remand, on the other hand, would allow these parties – and the myriad other parties litigating coverage issues stemming from the

October 7, 2008 explosion - to litigate all their claims in state court.

In sum, the Court finds that it is not precluded by Callan from declining jurisdiction over PSC II and/or PSC III, and that the Brillhart and Dizol factors indeed support remanding these actions under the Declaratory Judgment Act. Accordingly, the Court adopts the Findings and Recommendation that PSC's Motion to Remand PSC II and Motion to Remand PSC III be granted.[17/]

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation, and REMANDS these three actions - Civ. Nos. 10-00751 ACK-BMK, 11-00014 ACK-BMK, and 11-00073 ACK-BMK - to state court.

---

[17/] In light of the Court's holding, the Court need not decide whether the Younger Abstention Doctrine supports remanding PSC II and/or PSC III. See Objection at 33-40; PSC II Response at 35-39. The Findings and Recommendation did not reach this issue.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, May 10, 2011.



_____
Alan C. Kay
Sr. United States District Judge


PSC Industrial Outsourcing, LP v. The Burlington Insurance Company, Civ. Nos. 10-00751 ACK-BMK, 11-00014 ACK-BMK, 11-00073 ACK-BMK, Order Adopting Magistrate's Findings and Recommendation That Plaintiff's Motions to Remand Be Granted.